Frederick DRIER, Plaintiff-Appellee,

v.

TARPON OIL COMPANY, Defendant,

Roger Evans, Defendant-Appellant.

No. 75–1868
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Oct. 31, 1975.
Rehearing Denied Dec. 9, 1975.

Tom Alexander, Houston, Tex., for defendant-appellant.

J. Eugene Clements, Houston, Tex., Robert Thomajan, New York City, for plaintiff-appellee.

Before, BROWN, Chief Judge, and GODBOLD and GEE, Circuit Judges:

PER CURIAM:

Defendant Evans, president of Tarpon Oil Company, brings this appeal from a summary judgment in favor of Drier against Evans and Tarpon. We affirm.

Tarpon Oil originally sued Drier in Louisiana state court for a portion of the costs of completing three oil wells under an agreement between the parties. Drier filed a reconvention (counterclaim)

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.*, 5 Cir. 1970, 431 F.2d 409, Part I.

seeking to rescind the agreement, for he claimed it was an assignment of a fractional interest in mineral rights which required registration under 15 U.S.C.A. § 77b, 1933 SEC Act, and that Tarpon had failed to register the securities. Drier attempted to join Evans who was then president of Tarpon Oil Company and 78% stockholder, but Evans was not amenable to Louisiana in personam jurisdiction as he was a Texas resident. On February 15, 1974 the Louisiana Court found for Drier, holding that since the agreements were securities within the 1933 Act, were not covered by the private placement exemption, and were not registered, rescission could be demanded by the purchaser.

Drier had filed suit on the same claim in federal court in 1970 against both Tarpon and Evans seeking rescission and $77,250.00, the purchase price of the mineral interest. On March 11, 1975 the District Court pursuant to F.R.Civ.P. 56 granted a summary judgment for Drier (i) against Tarpon because of the Louisiana judgment, and (ii) against Evans on the grounds that Evans was in privity with Tarpon and collaterally estopped from relitigating the issue of Tarpon's liability, and that as a matter of law Evans was liable as a controlling person, 15 U.S.C.A. § 77o, an issue not decided by the Louisiana Court as Evans was not a party to that suit.

On appeal there are two issues to consider: (i) does privity apply so as to collaterally estop Evans from attacking the Louisiana judgment; (ii) was there any genuine issue of material fact as to Evans' control status and knowledge.

 The general rule is that a final judgment is res judicata—or collateral estoppel applies—only between parties to the earlier lawsuit or their privies. *Baltimore Steamship Co. v. Phillips*, 1927,

274 U.S. 316, 319, 47 S.Ct. 600, 71 L.Ed. 1069; *Dudley v. Smith*, 5 Cir., 1974, 504 F.2d 979, 982. A party or privy is collaterally estopped from relitigating a decided fact necessary to the decision in the first suit. *Hyman v. Regenstein*, 5 Cir., 1958, 258 F.2d 502, 510. Privity can be found if one party "controlled the earlier lawsuit and its interests were represented by" the party to the first suit. *Astron Industrial Associates, Inc. v. Chrysler Motors Corp.*, 5 Cir., 1968, 405 F.2d 958, 961.

 Here it is clear that Evans was in privity with Tarpon because he was the president and major stockholder of the corporation and he admitted by deposition that he made the "ultimate decisions." In addition he was the only witness for Tarpon in the Louisiana suit. It is apparent, therefore, that Evans controlled the earlier suit and had his interests represented therein.[1] *See Pan American Match Inc. v. Sears, Roebuck and Co.*, 1 Cir., 1972, 454 F.2d 871, 874; *United States v. Webber*, 3 Cir., 1968, 386 F.2d 381, 386–87.

 Since the Louisiana Court based Tarpon's liability on the 1933 SEC Act, Evans can be held liable as a control person under 15 U.S.C.A. § 77o if he "had the power to direct or cause the direction of the management * * * through the ownership of voting securities * * * or otherwise" of Tarpon, 17 CFR § 230.405(f), and if he had "knowledge of or reasonable ground to believe in the existence of the facts" on which Tarpon's liability was based, 15 U.S.C.A. § 77o. Considering the facts discussed in establishing Evans' privity, as well as his deposition and other documents contained in the record, we conclude that the District Court was correct in concluding that there was no genuine issue as to Evans' control of Tarpon and

---

1. Evans contends for the first time on appeal that he sold his controlling shares of Tarpon stock after trial but a year before judgment was handed down by the state court, and, therefore, privity does not apply as he was not in control of Tarpon when the judgment became final presumably from a decision not to

appeal the state judgment. There is no record proof of this point, however, and this argument was not presented to the district court. We, therefore, decline to find that this belated contention can now prevent Evans from being held in privity with Tarpon.

his knowledge of both the sale of the mineral interests and the fact that they were not registered. *See SEC v. Geyser Minerals Corp.,* 10 Cir., 1971, 452 F.2d 876, 880; *Klapmeier v. Telecheck International, Inc.,* D.Minn., 1970, 315 F.Supp. 1360, 1361, *aff'd,* 8 Cir. 1973, 482 F.2d 247.

Affirmed.