648 F.2d 1292
 1981-1 Trade Cases 64,041
 Garn L. BAUM and Peggy Baum d/b/a Garn L. Baum, Plaintiffs-Appellants,
v.
John GILLMAN, Glade Gillman, Dean Gillman, Gillman Brothers,
Harley Gillman, Muir-Roberts, Merrill Gappmayer, Clyde
Lunceford, Elberta Farm Corporation and Deseret Title
Holding Corporation, Defendants-Appellees.
 No. 80-1043.
 United States Court of Appeals,
Tenth Circuit.
 Argued and Submitted Jan. 26, 1981.
Decided May 12, 1981.
 
 Robert Macri, Salt Lake City, Utah, for plaintiffs-appellants.
 J. Wayne Gillman, Salt Lake City, Utah, for defendant-appellee Estate of John W. Gillman.
 Kenneth W. Yeates, Salt Lake City, Utah, (Patricia M. Leith, Salt Lake City, Utah, with him on the brief), of Van Cott, Bagley, Cornwall & McCarthy, Salt Lake City, Utah, for defendant-appellee Muir-Roberts.
 Gregory B. Monson, Salt Lake City, Utah (David K. Watkiss, Salt Lake City, Utah, with him on the brief), of Watkiss & Campbell, Salt Lake City, Utah, for defendant-appellee Clyde Lunceford.
 Harold G. Christensen, Salt Lake City, Utah (Richard K. Crandall, Salt Lake City, Utah, with him on the brief), of Snow, Christensen & Martineau, Salt Lake City, Utah, for defendants-appellees Deseret Title Holding Corp. and Elberta Farm Corp.
 Arthur H. Nielsen and Clark R. Nielsen of Nielsen, Henriod, Gottfredson & Peck, Salt Lake City, Utah, filed a brief on behalf of defendants-appellees Glade Gillman, Dean Gillman, and Gillman Brothers.
 Harley M. Gillman, filed a brief pro se.
 Merrill Gappmayer, filed a brief pro se.
 Before SETH, Chief Judge, and HOLLOWAY and LOGAN, Circuit Judges.
 SETH, Chief Judge.
 
 
 1
 This appeal centers on an order granting summary judgment for defendants in an antitrust suit. The proceedings in the trial court extended over a period of about four years. Some thirty depositions were taken which included those of the parties and apparently all other persons who were in any way involved. The parties agree that discovery was completed. There were also filed a series of interrogatories with answers.
 
 
 2
 The defendants filed motions for summary judgment with affidavits, memoranda, and an analysis of the depositions. The plaintiffs did not file responses under Rule 56.
 
 
 3
 The allegations of plaintiffs in substance are that defendants organized a boycott of plaintiffs' fruit processing plant among the growers, that the state required a bond of plaintiffs in an unreasonable amount, that cash rebates to growers were made by a defendant fruit processor which also sought to create a monopoly, and that litigation in the state court was started to vex plaintiffs.
 
 
 4
 The motions of defendants for summary judgment were set for a hearing to be held on August 31, 1979. The motions had been filed about six weeks before that date. The plaintiffs changed attorneys several days before the date set. Their new attorney, Mr. Black, entered his appearance on August 27th. He was the fourth in a series of attorneys to appear for plaintiffs. He asked for a continuance on August 29th for one month. The court granted a continuance of about six weeks to October 15th. The court then made it clear that no more continuances would be granted. Additional time to file responses to the motions was also given.
 
 
 5
 In July plaintiffs' then attorney had filed a notice of response to the motions for summary judgment and expressed the conclusion that there were issues of fact. There were attached brief affidavits of plaintiffs and a daughter. The affidavits were each of one or several sentences and related only to tangential matters. The plaintiffs have not referred to them since and we will not do so either.
 
 
 6
 The October 15th hearing date arrived. The plaintiffs had not asked for more time and had filed no material by way of response under Rule 56. At the outset of the hearing plaintiffs' attorney told the court:
 
 
 7
 "THE COURT: Why don't we just go ahead and take the series of motions that exist.
 
 
 8
 "MR. BLACK: If your Honor please, I've only been on this case for about a month and a half, and I'm desperately struggling to get a grasp of the facts, let alone the law on this. I would desire, if I could, to respond to these various memorandums that have been filed one at a time, and I think it's going to take I think I could handle about one a month. But I'm still trying to get a grasp of the facts of this case, and I would be unable to respond to legal arguments on these motions for summary judgment at this time.
 
 
 9
 "THE COURT: Well, the matter has been set for hearing. We're going to hear them."
 
 
 10
 In substance, the attorney told the court that he was not prepared to go forward under the rule. He apparently argued the law during the remainder of the hearing with some generalities as to the transactions. The plaintiffs were present at the hearing and at the conclusion of the attorney's statement they indicated through him that there was nothing further to say. It appears that the position of plaintiffs then, and as brought out in their brief, was that if they went to trial they could make a case. It is a reasonable characterization of plaintiffs' position to describe it as a refusal to proceed under Rule 56.
 
 
 11
 The defendants' motions for summary judgment were granted. A Motion to Reconsider by plaintiffs was filed. It was heard with oral argument and denied.
 
 
 12
 The Motion to Reconsider signed by plaintiffs themselves contained two grounds as follows:
 
 
 13
 "Come now the Plaintiffs and respectfully request that this honorable Court reconsider its decision it made in granting Summary Judgment against Plaintiffs dated October 19, 1979, and as cause would state as follows:
 
 
 14
 "1. That the Plaintiffs have not had effective assistance of counsel, alternatively, there has been excusable neglect of counsel and/or of the Plaintiffs, and in support thereof submit the affidavit of counsel which is attached and incorporated by reference.
 
 
 15
 "2. That Plaintiffs have retained another attorney who has agreed to assist them in this case.
 
 
 16
 "Wherefore, the Plaintiffs request that the Court set aside its decision of October 19, 1979, and reset this matter for pre-trial conference at a date convenient to the Court."
 
 
 17
 The motion was accompanied by an affidavit by the attorney which, after reciting the date of his appearance and the continuance granted by the court, said:
 
 
 18
 "2. That at the October 15, 1979 hearing, all motions for summary judgment were set for argument;
 
 
 19
 "3. That in the six weeks' time, counsel had no opportunity to review all 30 depositions or to have benefit of a complete file as a prior attorney of Plaintiff, the first of three others, had retained their file;
 
 
 20
 "4. That counsel did not respond to the written motions and memoranda with affidavits or memoranda;"5. That counsel told Plaintiffs and still feels that they had a meritorious case against Defendants;
 
 
 21
 "6. That if counsel would have had more time, he believes that the Plaintiffs' evidence could have been analyzed and assembled in a manner which would have successfully resisted motions for summary judgment;
 
 
 22
 "7. That counsel represents to the Court that with effective assistance of counsel that Plaintiffs can demonstrate material issues of fact as to at least some of the Defendants."
 
 
 23
 A motion was also made for a new trial.
 
 
 24
 The plaintiffs on appeal assert in substance that the trial court abused its discretion in refusing to grant a further continuance at the outset of the October 15th hearing when their attorney announced that he was not prepared. The attorney, as mentioned, then said he was still trying to "get a grasp of the facts of this case." He did not indicate what he had done nor did he attempt to make any direct response to the motions. This attorney, as we have already stated, had asked when he entered his appearance, for a continuance for thirty days. The court granted his request plus about two additional weeks. He thus knew the time he had and knew that the court intended to grant no further continuance. He asked for no additional time at or before the October hearing.
 
 
 25
 The record demonstrates that the material developed during the discovery was available to plaintiffs' attorney from the time he entered his appearance and had been so available to plaintiffs for about six months before the October hearing. The depositions were on file as were the interrogatories and answers. This was a substantial amount of data, but plaintiffs had been working with it over the years. The plaintiffs had entered their appearances as co-counsel pro se. Again, there was no indication that anything had been done. There had been extended delays earlier during the course of the discovery when the plaintiffs were in between attorneys.
 
 
 26
 Under these circumstances we must conclude that no abuse of discretion by the trial judge has been shown in not granting more time to plaintiffs in response to their attorney's statement that he was not prepared.
 
 
 27
 Plaintiffs urge that there was ineffective assistance of counsel. It is apparent that the attorney who appeared at the hearing on the motions for summary judgment was simply not prepared. This he said to the court. We do not consider the assertion of ineffectiveness to be any different from the continuance issue. An acknowledged failure to prepare within the requested time, a refusal to go forward at the hearing with facts to meet the motion, cannot serve as an excuse for a complete failure to comply with Rule 56. To characterize it as inadequate representation does not change the consequences. The plaintiffs had entered an appearance as co-counsel. They were present at the hearing. There was in substance a refusal to proceed.
 
 
 28
 The plaintiffs have made no assertion under Rule 56(f) that further discovery was necessary in order to prepare a response to the motion for summary judgment. Obviously this was because the discovery was complete. But again, the lack of preparation was announced and the attorney indicated he could in time respond. If this was a reference to Rule 56(f) it was not so identified and no affidavit was offered or filed. This aspect of the rule was not brought to the attention of the trial court and we cannot consider it.
 
 
 29
 Much has been written about summary judgment motions in antitrust cases. The early comment related to statements in Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458, by the majority and the dissent. It is apparent that there are no limitations in the rules nor in the Advisory Committee Notes which in any way indicate that Rule 56 does not apply to all actions. Thus there is nothing unique in antitrust actions which precludes application of the rule. Any action when examined under Rule 56 which raises real issues of credibility, motive, or intent is not suitable whatever the nature of the cause may be. Aladdin Oil Co. v. Texaco, Inc., 603 F.2d 1107 (5th Cir.). However, the clearest authority on this point is probably First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 88 S.Ct. 1575, 20 L.Ed.2d 569, which is hereinafter referred to and quoted at some length.
 
 
 30
 It is apparent under Rule 56 the moving party has the burden. In Adickes v. Kress & Co., 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142, the Court said:
 
 
 31
 "As the moving party, respondent had the burden of showing the absence of a genuine issue as to any material fact, and for these purposes the material it lodged must be viewed in the light most favorable to the opposing party."
 
 
 32
 The Court in First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 88 S.Ct. 1575, 20 L.Ed.2d 569, also said:
 
 
 33
 "It is true that the issue of material fact required by Rule 56(c) to be present to entitle a party to proceed to trial is not required to be resolved conclusively in favor of the party asserting its existence; rather, all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial."
 
 
 34
 See Brown v. Chaffee, 612 F.2d 497 (10th Cir.).
 
 
 35
 The last portion of Rule 56(e) after describing the form of affidavits provides, as added in 1963:
 
 
 36
 "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."
 
 
 37
 The words "summary judgment, if appropriate, shall be entered" in the last portion of Rule 56(e) must mean that the motions for summary judgment shall be entered if the motions were properly made and set for hearing. And more importantly, the words must mean that judgment be entered when the moving party has met his burden.
 
 
 38
 The record contains some 125 pages of material prepared by defendants which is an analysis of the issues and a description of the contents of depositions as related to these issues. This was submitted to support the motions. The issues are relatively uncomplicated and the individuals concerned are easily identified. The plaintiffs identified these persons and their depositions were taken. Documentary material was also obtained. In the circumstances of this case the trial court and this court may rely upon this unchallenged summary or description of the contents of the depositions, interrogatories, and answers as the "supporting" material under Rule 56. The plaintiffs, as mentioned, did not contest these descriptions of the depositions and references, and submitted their case on that basis. Thus this material may be taken as correct and if when examined under the usual standards it shows no issue of material fact the motion for summary judgment must be granted. Such a judgment would then be "appropriate."
 
 
 39
 As provided in Rule 56(c) the judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."
 
 
 40
 Rule 56(e) was amended in 1963 to add the explicit portion to direct the granting of the motion when there is a failure to respond. The Supreme Court in First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 289 n.19, 88 S.Ct. 1575, 1593 n.19, 20 L.Ed.2d 569, said of this addition:
 
 
 41
 "Indeed it was for the precise purpose of overturning a line of cases in the Third Circuit holding that a party could successfully oppose summary judgment by relying on his well-pleaded allegations that Rule 56(e) was amended in 1963. See 6 Moore, Federal Practice P 56.22(2), at 2821 (2d ed. 1966)."In Gates v. Ford Motor Co., 494 F.2d 458 (10th Cir.), we considered the point:
 
 
 42
 "Appellee supported its motion for summary judgment with documents. Under the circumstances, the party opposing the motion may not rest upon the mere allegations of his pleading but must respond with specific facts showing a genuine issue for trial."
 
 
 43
 The addition to Rule 56(e) must have some substance. See also Securities and Exchange Com'n v. Geyser Minerals Corp., 452 F.2d 876 (10th Cir.), and Natrona Service, Inc. v. Continental Oil Co., 598 F.2d 1294 (10th Cir.). In Natrona we quoted from and relied on First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 88 S.Ct. 1575, 20 L.Ed.2d 569. The Supreme Court there held in a private antitrust action:
 
 
 44
 "What Rule 56(e) does make clear is that a party cannot rest on the allegations contained in his complaint in opposition to a properly supported summary judgment motion made against him."
 
 
 45
 We have so held in Prochaska v. Marcoux, 632 F.2d 848 (10th Cir.); Otteson v. United States, 622 F.2d 516 (10th Cir.), and Coleman v. Darden, 595 F.2d 533 (10th Cir.). Rule 56(e) clearly so provided.
 
 
 46
 The Court in First National Bank also said:
 
 
 47
 "Essentially all that the lower courts held in this case was that Rule 56(e) placed upon Waldron the burden of producing evidence of the conspiracy he alleged only after respondent Cities Service conclusively showed that the facts upon which he relied to support his allegation were not susceptible of the interpretation which he sought to give them. That holding was correct. To the extent that petitioner's burden-of-proof argument can be interpreted to suggest that Rule 56(e) should, in effect, be read out of antitrust cases and permit plaintiffs to get to a jury on the basis of the allegations in their complaints, coupled with the hope that something can be developed at trial in the way of evidence to support those allegations, we decline to accept it. While we recognize the importance of preserving litigants' rights to a trial on their claims, we are not prepared to extend those rights to the point of requiring that anyone who files an antitrust complaint setting forth a valid cause of action be entitled to a full-dress trial notwithstanding the absence of any significant probative evidence tending to support the complaint."
 
 
 48
 It is apparent that in the typical case the trial court exercises no discretion when a motion for summary judgment is granted. When there is no response to the motion, as in the case before us, the standard must be the same. However, the trial court need only consider the motions and supporting material in the manner described above.
 
 
 49
 Having so considered the motions and supporting data we must reach the same conclusion as did the trial court that there is no genuine material fact issue, and the defendants are entitled to judgment as a matter of law.
 
 
 50
 AFFIRMED.