933 F.2d 1019
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
INTERNATIONAL STATE BANK, a New Mexico state banking
corporation, Plaintiff-Appellee,
v.
Charles R. GINDER and Bonnie T. Ginder, Defendants-Appellants.
 No. 88-2067.
 United States Court of Appeals, Tenth Circuit.
 May 21, 1991.
 
 Before HOLLOWAY, Chief Judge, and SETH and BARRETT, Circuit Judges.
 ORDER AND JUDGMENT*
 PER CURIAM.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 This action brought by the International State Bank is a suit on several promissory notes executed by the defendants Charles and Bonnie Ginder. The defendants asserted several counterclaims against the Bank. The trial court granted the Bank's motion for summary judgment, and granted no relief on the counterclaims. The defendants have appealed.
 
 
 3
 It was established without contradiction that the notes were executed and delivered; they were negotiable; the money was borrowed and the notes became due but were not paid; the amount due was established, and the Bank was holder in due course. Discovery was had and affidavits with briefs were filed to support and to oppose the motion for summary judgment. The notes were secured by a pledge of the assets of Ginco, Inc., an entity owned by defendants.
 
 
 4
 There is no question but that the elements of plaintiff's cause of action were established, and as to it there were no material facts at issue. By all prevailing standards the moving party had fully supported its motion for summary judgment. See Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317; Dart Industries v. Plunkett Co., 704 F.2d 496 (10th Cir.); Baum v. Gillman, 648 F.2d 1292 (10th Cir.).
 
 
 5
 The counterclaim of defendants asserted that there was bad faith on the part of the Bank. It was argued that the Bank had refused to renegotiate the loan when on several occasions defendants asserted that they had a buyer for the assets pledged as collateral to support the loan. These assets were those of an entity, Ginco, Inc., owned by defendants. In these proposed transactions the defendants sought to have plaintiff release its lien and to take a substantial loss on the loan. The Bank refused several times to do this. On the last or third of such transactions proposed by defendants the Bank did agree to the sale of the pledged assets on a condition. This was that Ginco, then insolvent, file for bankruptcy under Chapter 7 so that the Bank would be protected by the priority of a secured creditor as against trade creditors who had received back assets sold on credit to Ginco. The plaintiff, shortly before, lost part of its security when defendants permitted some of their creditors to take back inventory from the Ginco warehouse. This inventory had been the subject of security agreements for the Bank and another lienholder. The Bank had no knowledge in advance of this dissipation of Ginco assets by defendants.
 
 
 6
 The defendants in their counterclaim for affirmative defenses urge that the failure of the Bank to agree to the earlier proposed sale of pledged assets to a purchaser of Ginco, and the condition in the final proposal that Ginco take bankruptcy were proof of their "bad faith" counterclaim.
 
 
 7
 The showing by defendants on the summary judgment motion of plaintiff, including a response to plaintiff's motion, did not demonstrate the existence of any material fact issues, and did not establish any legal basis for their "good faith" claim. There was advanced no authority whatever why the plaintiff should have compromised its rights against the defendants in the several proposed sales of Ginco assets. There was nothing shown in any agreement or understanding that the Bank had any such duty. As to the Chapter 7 condition in the final proposal and agreement, nothing was shown to demonstrate that such a condition was in any way improper or illegal. The reason for the condition was contained in the prior disposal of assets of Ginco by defendants and Ginco's financial condition.
 
 
 8
 The defendants failed to appear at a hearing the court had set on the summary judgment motion. This hearing had been postponed at least once at defendants' request. There had been a series of delays by defendants throughout the proceedings. Notices were mailed to defendants at addresses provided by defendants. Defendants did not appear at a deferred date, or at any other time, and a default judgment was entered on the motion. The trial court ordered the judgment on the summary judgment motion to be immediately entered. The "immediate" entry aspect of the order was a sanction for the defendants' delays. The order itself, of course, was not. We find no error or abuse of discretion in such a sanction.
 
 
 9
 We have examined the other points raised by defendants and find them to be without merit.
 
 
 10
 AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3