FLOWDATA, INC., Plaintiff,

v.

Galen M. COTTON, Defendant.

Civ. A. No. H–91–3041.

United States District Court,
S.D. Texas,
Houston Division.

June 15, 1994.

William C. Norvell, Jr., Jackson & Walker, L.L.P., Houston, TX, for plaintiff.

Bill Durkee, Arnold, White & Durkee, Houston, TX, for defendant.

## MEMORANDUM AND ORDER

WERLEIN, District Judge.

Pending is a Motion for Summary Judgment (Document No. 32), an Amended Motion for Summary Judgment (Document No. 34), a Motion for Oral Hearing on Plaintiff's Amended Motion for Summary Judgment (Document No. 35), and a Motion to Strike Counterclaims Set Forth in Defendant's Answer to Plaintiff's First Amended Complaint (Document No. 37), filed by Plaintiff Flowdata, Inc. ("Flowdata"). After considering the motions, the responses, and the applicable law, the Court finds that the Amended Motion for Summary Judgment and the Motion to Strike Counterclaims should be GRANTED.

### I. BACKGROUND

This case is a patent infringement case which involves the same patent involved in *Additive Controls & Measurement Systems, Inc. v. Flowdata, Inc. & Titan Industries,*

*Inc.,* No. 90–cv–1554, 1994 WL 425107 (S.D.Tex.1993) (the "Adcon Case"). The summary judgment evidence reflects that in the Adcon Case, the court awarded Flowdata damages and reasonable attorneys' fees against Additive Controls & Measurement Systems, Inc. ("Adcon") for patent infringement and unfair competition as a result of Adcon's manufacturing, using, and selling of certain flowmeters contained in its system called the Omni–Pak. The flowmeters contained in the Omni–Pak were held to have infringed Flowdata's United States Letters Patent No. 4,815,318 (the "'318 Patent"). Flowdata's '318 Patent is a fluid flowmeter device used to measure the flow of certain liquids into large volumes of gasoline or other liquids. The final judgment in the Adcon Case was appealed by Adcon, but was later dismissed voluntarily by Adcon prior to the presentation of briefs to the Federal Circuit. The judgment is final.

After Flowdata learned of Defendant Galen M. Cotton's ("Cotton") involvement with manufacturing, selling, and using of the Omni–Pak flowmeter, Cotton was joined as a counter-defendant in the Adcon Case. However, because Cotton was joined shortly before the trial date, Flowdata was given an option either to dismiss Cotton without prejudice and proceed to trial, or alternatively, to continue the trial. Flowdata elected the former, and Cotton was nominally dismissed without prejudice from the Adcon Case. As will be observed below, however, Cotton was present directing Adcon's defense throughout the trial.

Flowdata later filed this suit against Cotton, alleging that Cotton himself is precluded from contesting Flowdata's charges of patent infringement based upon the estoppel effect of Flowdata's earlier judgment in the Adcon Case and 35 U.S.C. § 271. Cotton has denied Flowdata's allegations and has filed affirmative defenses that the '318 Patent is invalid, unenforceable, and not infringed. Cotton has also filed a counterclaim against Flowdata seeking a declaratory judgment to the same effect.

In its Amended Motion for Summary Judgment, Flowdata contends that Plaintiff is entitled to summary judgment because of

any one or more of the following: (1) that Cotton had complete and sole control of, and was virtually represented in, the Adcon Case; (2) that Adcon is Cotton's alter ego; and/or (3) that Cotton personally performed or controlled the performance of Adcon's acts, creating personal liability for Cotton under 35 U.S.C. § 271(a). Flowdata also moves to strike Defendant's counterclaims based upon Defendant's failure to comply with the Federal Rules of Civil Procedure and the Court's Docket Control Order, principles of equity, and the doctrine of collateral estoppel. The Court reviews both motions below.

## II. DISCUSSION

### A. Plaintiff's Amended Motion for Summary Judgment

#### 1. The Standard for Summary Judgment

Summary judgment is as appropriate in a patent case as in any other where no genuine issue of material fact is present and the movant is entitled to judgment as a matter of law. *Spectra Corp. v. Lutz,* 839 F.2d 1579 (Fed.Cir.1988). Rule 56(c) provides that "[summary] judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A party seeking summary judgment bears the initial burden of informing the district court of the basis for its motion, and identifying those portions of the pleading, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). The moving party has the burden of showing that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Williams v. Adams,* 836 F.2d 958, 960 (5th Cir.), *reh. denied, en banc,* 844 F.2d 788 (1988).

Once the movant carries this burden, the burden shifts to the nonmovant to show that

summary judgment should not be granted. *See Celotex,* 477 U.S. at 324–25, 106 S.Ct. 2548, 2553. A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of his pleading, but must set forth specific facts showing the existence of a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256–57, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). Assertions unsupported by facts are insufficient to oppose a motion for summary judgment. *Williams v. Weber Management Services, Inc.,* 839 F.2d 1039, 1041 (5th Cir.1987). There must be evidence giving rise to reasonable inferences that support the nonmoving party's position. *St. Amant v. Benoit,* 806 F.2d 1294, 1297 (5th Cir.1987). Bare or mere allegations are insufficient. *Lodge Hall Music, Inc. v. Waco Wrangler Club, Inc.,* 831 F.2d 77, 79 (5th Cir.1987).

In considering a motion for summary judgment, the district court must view the evidence through the prism of the substantive evidentiary burden. *Anderson,* 477 U.S. at 254, 106 S.Ct. 2505, 2513. The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor. *Id.* The inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). Summary judgment is inappropriate if the evidence before the court, viewed as a whole, could lead to different factual findings and conclusions. *Honore v. Douglas,* 833 F.2d 565, 567 (5th Cir.1987).

2. *Summary Judgment Evidence in the Present Case*

■ Plaintiff first argues that Flowdata is entitled to summary judgment based upon the estoppel effect of the prior judgment in the Adcon Case. This circuit recognizes three requirements for application of the doctrine of collateral estoppel, which is also referred to as issue preclusion: (1) the issue to be precluded must be identical to that involved in the prior action; (2) in the prior action the issue must have been actually litigated; and (3) the determination made of the issue in the prior action must have been necessary to the resulting judgment. *Sheerin v. Davis,* 3 F.3d 113 (5th Cir.1993).

Defendant Cotton does not contest that Plaintiff has satisfied the first and third requirements of issue preclusion. In fact, in the admissions of fact section of the joint pre-trial order signed by both parties, Plaintiff and Defendant agree that the " '318 Patent in the Adcon Case is the same patent in this case," *see* Joint Pre-Trial Order, Document No. 45, at p. 11, and therefore, the issue of whether Adcon had infringed Flowdata's '318 Patent in the Adcon Case by using the patent in Adcon's Omni–Pak flowmeters is identical to the issue of whether Cotton has infringed and continues to infringe Flowdata's patent by manufacturing and selling these Omni–Pak flowmeters. Moreover, Defendant Cotton does not refute the fact that the findings of validity and infringement of the '318 Patent were necessary to the court's decision, holding that Flowdata should recover damages for Adcon's infringement of the '318 Patent.

■ Defendant does contend, however, that the court's reliance on stipulations in the joint pre-trial order for its findings on validity and infringement bars the use of collateral estoppel on these issues because these issues have not been actually litigated. In the Adcon Case, the court decided the issues of validity and infringement based upon Adcon's admissions and stipulations in the joint pretrial order that the patent is not invalid and that an infringement has occurred. (*See* Ex. C, Attached to Plaintiff's Amended Motion for Summary Judgment, Document No. 34, at pps. 8–9, 17–18). To support its argument, Defendant cites RESTATEMENT (SECOND) OF JUDGMENTS § 27 cmt. e (1982) for the proposition that "[a]n issue is not actually litigated if . . . it is the subject of a stipulation between the parties." *Id.* at 256–57.

As Plaintiff correctly points out, however, RESTATEMENT (SECOND) OF JUDGMENTS § 27 does not apply to the facts in this case. The Introductory Note of Chapter 3, which contains Section 27, specifically provides that "the present Chapter does not deal

with the effects of a judgment on persons not parties to the action in which the judgment was rendered. That subject is dealt with in Chapter 4, as is the question of identifying the parties to an action." *Id.* at 131. As stated above, Cotton was voluntarily dismissed without prejudice from the Adcon Case, and therefore, Chapter 4, rather than Chapter 3, is the applicable section.

Section 59(3) of Chapter 4, which concerns the preclusive effect of a judgment against a closely held corporation upon its officers, directors, stockholders, and members, provides that:

> If the corporation is closely held, in that one or a few persons hold substantially the entire ownership in it, the judgment in an action by or against the corporation or the holder of ownership in it is conclusive upon the other of them as to issues determined therein as follows:
>
> (a) The judgment in an action by or against the corporation is conclusive upon the holder of its ownership if he actively participated in the action on behalf of the corporation, unless his interests and those of the corporation are so different that he should have opportunity to relitigate the issue; and
>
> (b) The judgment in an action by or against the holder of ownership in the corporation is conclusive upon the corporation except when relitigation of the issue is justified in order to protect the interest of another owner or a creditor of the corporation.

*Id.* at 94.

The summary judgment evidence in this case reflects that Adcon is a closely held corporation and that Cotton was incorporator, president, chair of the board of directors, and the major stockholder of Adcon. (*See* Attachments to Declaration in Support of Opposition to Plaintiff's Motion for Summary Judgment, Document No. 40). Cotton also admits in the admissions of fact section in the joint pre-trial order that as the corporate representative of Adcon, Cotton sat at the counsel table during trial of the Adcon Case and was the officer in charge of Adcon's defense. (*See* Joint Pre–Trial Order, Document No. 45, p. 12). Cotton's declaration

further states that he acted "as a final decision maker." (*See* Declaration in Support of Opposition to Plaintiff's Motion for Summary Judgment, Document No. 40, at p. 4).

In a case with analogous facts, the Fifth Circuit affirmed the district court's decision to grant summary judgment against the president of a company based upon the doctrine of collateral estoppel when the issue of the company's liability had already been determined in a prior suit in which the president actively participated and controlled. *Drier v. Tarpon Oil Company,* 522 F.2d 199, 200 (5th Cir.1975). The *Drier* court found that the president of the company actively participated in and controlled the earlier suit as president and major stockholder of the corporation, that he made the ultimate decisions, and that he was the only witness in the suit. *Id.* Cotton, like the president of the corporation in *Drier,* actively participated in and controlled the litigation for Adcon in the prior suit, and was Adcon's sole fact witness. Neither party argues that the interests of Cotton and Adcon are different or that any other owner or creditor has an interest that requires protection in this case. The Court therefore finds that the judgment against Adcon in the Adcon Case is conclusive upon Cotton.

Furthermore, there is persuasive dicta in the case law that if a prior action is determined based upon a *stipulation of the parties,* collateral estoppel would apply in the later lawsuit. *See Kaspar Wire Works, Inc. v. Leco Engineering & Machine, Inc.,* 575 F.2d 530, 539–40 (5th Cir.1978); *Studiengesellschaft Kohle v. Eastman Kodak Co.,* 616 F.2d 1315, 1332 (5th Cir.), *cert. denied,* 449 U.S. 1014, 101 S.Ct. 573, 66 L.Ed.2d 473 (1980). Because Defendant admits that the issues of validity and infringement were based upon the parties' stipulations, collateral estoppel bars relitigating these issues in this suit.

██ Defendant argues, however, that the stipulations in the Adcon Case joint pre-trial order should not be given preclusive effect because Cotton did not personally or in behalf of Adcon, consent to or approve these stipulations. Cotton states that the "findings

of validity and infringement in the prior Adcon case were based on stipulations in the Pretrial Order by my original counsel which were not approved by Adcon or me." (*See* Declaration in Support of Opposition to Plaintiff's Motion for Summary Judgment, Document No. 40, at p. 1). The Court rejects Defendant's argument.

In *United States v. State of Texas*, 523 F.Supp. 703 (E.D.Tex.1981), the Court wrote:

> Complaints by clients concerning the unsatisfactory performance of their attorneys during the course of litigation have abounded throughout the entire history of Anglo–American jurisprudence. Although civil litigants are not always satisfied with the actions of their lawyers, it is well settled that they are generally bound by those actions.

> The justification for attributing the acts of an attorney to his client during litigation is readily apparent. In preparing pleadings, conducting discovery, *participating in the formulation of a pre-trial order*, examining witnesses, introducing evidence, filing motions, presenting argument, and carrying out a plethora of other responsibilities in the course of trial, an attorney necessarily serves as the agent of his client. Unless all of the attorney's efforts on his client's behalf are binding in a legal sense, the entire judicial process, including the outcome of that process, is devoid of validity with respect to the parties themselves.

*Id.* at 711 (emphasis added) (citations omitted). The court also observed that "[t]he Court of Appeals has consistently stressed that the pre-trial order is necessarily controlling, binding all parties in accordance with its terms." *Id.* at 720 (citing *Hodges v. United States*, 597 F.2d 1014, 1017 (5th Cir.1979); *Funding Systems Leasing Corp. v. Pugh,* 530 F.2d 91, 95 (5th Cir.1976)). Accordingly, there is no merit in Cotton's argument that he is not bound by stipulations made by Adcon in the Adcon Case joint pre-trial order.

█ That the judgment against Adcon in the Adcon Case also is binding on Cotton is

further required by 35 U.S.C. § 271(a), which states that "whoever without authority makes, uses or sells any patented invention, within the United States during the term of the patent therefor, infringes the patent." Moreover, "[n]either intent to infringe nor knowledge that a subsisting patent covers what one is making, using, or selling is an element of a direct patent infringement action under 35 U.S.C. § 271(a)." *A. Stucki Co. v. Schwam*, 634 F.Supp. 259, 264 (E.D.Pa.1986). Further, " '[w]here the officer or director has directed or ordered the infringing method of manufacture or has controlled the sale of the infringing goods, he is jointly liable with the corporation for patent infringement without regard to his specific intent or knowledge.' " *A Stucki Co. v. Buckeye Steel Castings Co.*, 795 F.Supp. 847, 851 (S.D.Ohio 1991), *aff'd*, 963 F.2d 360 (Fed. Cir.1992) (quoting *Schwam*, 634 F.Supp. at 264). Many courts "have recognized and imposed personal liability on corporate officers for participating in, inducing, and approving acts of patent infringement." *Orthokinetics, Inc. v. Safety Travel Chairs, Inc.*, 806 F.2d 1565, 1579 (Fed.Cir.1986) (citing *White v. Mar–Bel, Inc.*, 509 F.2d 287 (5th Cir.1975)).

The summary judgment evidence establishes that Cotton, the incorporator, president, chair of the Board, and major stockholder of Adcon, also designed Adcon's Omni–Pak flowmeters, that Cotton directed the marketing of these flowmeters, and that Adcon has been adjudged by a court of competent jurisdiction to have infringed Flowdata's patent by making, using, or selling or causing to be made, used or sold Cotton's Omni–Pak flowmeters. (*See* Ex. D, Attached to Plaintiff's Amended Motion for Summary Judgment, Document No. 34, at p. 37 & Joint Pre–Trial Order, Document No. 45, at pps. 12, 11). Cotton has presented no summary judgment evidence to contest these facts. Because the uncontroverted evidence firmly establishes that Cotton was directly responsible for the design, production, and sale of his company's infringing flowmeters, the statute as a matter of law imposes a personal liability upon him, jointly with Adcon, for infringement of the '318 Patent.[1] Plaintiff's Amend-

---

**1.** As an additional basis for granting summary

judgment in favor of Plaintiff, Flowdata briefs the

ed Motion for Summary Judgment is GRANTED.

### B. *Plaintiff's Motion to Strike Defendant's Counterclaims*

In its motion, Flowdata requests that the Court strike Defendant Cotton's counterclaims and deny Cotton leave to amend to add the counterclaims at a later date. For the reasons set forth below, Plaintiff's Motion to Strike Defendant's Counterclaims (Document No. 37) is GRANTED.

From a review of the file, the following facts appear. Defendant Cotton's counterclaim in Document No. 36 was not filed until December 27, 1993, more than two years after this action was commenced. In Defendant's counterclaim, he asserts no cause of action that Cotton could not have pled in accordance with Federal Rules of Civil Procedure 13(a) at the time Defendant initially answered in 1991. At the time Defendant filed his counterclaim, all docket control order deadlines had passed, except for the filing of the joint pre-trial order. No good cause has been offered by Defendant to excuse his failure to file a timely counterclaim, and the Court finds that none exists. Accordingly, the Court strikes Defendant's counterclaim. Plaintiff's further request for attorneys' fees incurred in filing this motion to strike is DENIED.

### III. *ORDER*

For the foregoing reasons, it is therefore ORDERED that:

1. Plaintiff's Amended Motion for Summary Judgment (Document No. 34) is GRANTED;

2. Plaintiff's Motion to Strike Counterclaims Set Forth in Defendant's Answer to Plaintiff's First Amended Complaint (Document No. 37) is GRANTED, and Plaintiff's request for attorneys' fees incurred in filing this motion to strike is DENIED; and

3. Plaintiff's Motion for Oral Hearing on Plaintiff's Amended Motion for Summary

Judgment (Document No. 35), and Plaintiff's original Motion for Summary Judgment are both DENIED as moot;

4. Within ten (10) days after entry of this Order, Plaintiff shall prepare a proposed form of Final Judgment and circulate the same to counsel of record for Defendant for approval as to form, and within twenty-one (21) days after entry of this Order, Plaintiff shall submit to the Court a form of Final Judgment.

The Clerk will enter this Order, providing a correct copy to all counsel of record.

---

issue of whether Cotton is, and was at all relevant times, Adcon's alter ego. Because the Court has already determined for the reasons set forth above that Plaintiff's Amended Motion for Summary Judgment should be granted, it is not necessary to address the merits of this additional argument.