**JOHN DEERE COMPANY,**
Plaintiff-Appellant,

v.

**AMERICAN NATIONAL BANK, STAFFORD,** Defendant-Appellee.

No. 86–2830
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Feb. 17, 1987.

Vikram Chandhok, Carrington, Coleman, Sloman & Blumenthal, Dallas, Tex., George M. Kryder, III, Dallas, Tex., for plaintiff-appellant.

Steven A. Leyh, Sellers & Berg, Warren W. Boone, Houston, Tex., for defendant-appellee.

Before GEE, REAVLEY and JOLLY, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

In this case, the plaintiff, John Deere Company, appeals from the district court's grant of summary judgment in favor of the defendant, American National Bank. Because the district court granted summary judgment on grounds not urged upon it by the defendant and for which the plaintiff did not have adequate notice, we reverse.

I

In 1983 and 1984, the John Deere Company ("John Deere") sold on credit to Mack Adams of Winnie, Texas, farm equipment ("the collateral") and retained a purchase-money security interest. John Deere filed timely U.C.C. Financing Statements with the County Clerk of Chambers County, Texas. Later, the American National Bank ("the Bank") made loans to Mack Adams, members of his family, and associated business entities, for which it retained a junior security interest in the collateral and other Adams property.

When Adams apparently defaulted on his obligations to the Bank, the Bank seized the collateral, instituted judicial foreclosure proceedings in state court, and sold the collateral at a judicially ordered auction. The parties dispute whether John Deere received notice of the foreclosure sale.

Allegedly learning of the foreclosure and sale after the fact, John Deere demanded that the Bank pay it the value of the collateral that had been sold. The Bank refused, and this lawsuit followed.

John Deere sued the Bank in federal court, alleging that the Bank, a second lienholder on the collateral, had foreclosed on, and sold, the collateral without notice to John Deere. John Deere sought damages for conversion and a declaratory judgment confirming its superior interest in the collateral.

The Bank filed a motion for summary judgment with supporting brief, asserting the defense that it had sold the collateral pursuant to a Texas state court judicial sale (to which John Deere was not a party) and that the state-court judgment operated as *res judicata* against John Deere. John Deere responded that *res judicata* was inapplicable as a matter of law and that it had raised the material fact issue of whether the Bank had given John Deere notice of the sale.

On September 19, 1986, the district court issued a memorandum order and entered final judgment. The court first held that John Deere's security interest in the collateral was superior to the Bank's, and expressly declined to reach the Bank's *res judicata* argument. Instead, the court granted summary judgment for the Bank on a theory that the Bank had not argued: that John Deere had not presented any evidence that it had suffered damages arising from the Bank's actions. The district court, citing *Celotex Corp. v. Catrett*, —— U.S. ——, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), for the proposition that summary judgment was appropriate in the absence of critical evidence, entered judgment that John Deere take nothing, and that each party bear its own costs.

II

Our examination of the Bank's memorandum in support of its motion for summary judgment persuades us that the Bank did not raise failure to demonstrate damages as a basis for summary judgment. Although the Bank's memorandum states the position that John Deere's interests were unaffected by the foreclosure sale, this point is not argued as a ground for summary judgment. In any event, this point certainly was not raised by the Bank in a manner that would be sufficient to put John Deere on notice that failure to present evidence of damages could be grounds for summary judgment. The Bank's brief in

support of its summary judgment motion relies solely on a *res judicata* argument.

Since the district court relied on grounds not advanced by the moving party as a basis for granting summary judgment, and did not give proper notice to the Bank before granting judgment on such grounds, its judgment cannot be upheld on appeal.[1] This court has strictly applied the procedural safeguards of Fed.R.Civ.P. 56[2] and has therefore held that a district court may not grant summary judgment *sua sponte* on grounds not requested by the moving party. *Capital Films Corp. v. Charles Fries Productions*, 628 F.2d 387, 390–91 (5th Cir. 1980); *Sharlitt v. Gorinstein*, 535 F.2d 282, 283 (5th Cir.1976). Since the district court's grant of summary judgment was not based on grounds advanced by the Bank, and no opportunity was given to John Deere to respond, we must reverse.[3]

### III

The district court's judgment is therefore reversed and this case is remanded for further proceedings not inconsistent with this opinion.

**REVERSED and REMANDED.**

1. In addition to this procedural defect, there appear to be other reasons why summary judgment may have been inappropriate. If the district court based its ruling on an understanding that the Bank was entitled to summary judgment as a matter of law (because John Deere's prior lien was not extinguished by the judicial sale), then its ruling is subject to some question. As John Deere points out, the Texas courts and the Texas Business and Commerce Code allow recovery by a first lienholder against a second lienholder who sells secured property without notice to the first lienholder. *See Barr v. White Oak State Bank*, 677 S.W.2d 707, 710–11 (Tex. App.1984). Furthermore, summary judgment would appear to have been inappropriate because there remained a disputed issue as to whether it was factually possible for John Deere to follow the collateral so as to assert its first recorded liens against the collateral.

2. Rule 56(c) provides that the nonmoving party must be served with the motion at least ten days prior to the time fixed for the hearing.

Prior decisions have stressed the importance of providing the nonmoving party an opportunity to respond and to develop the record in opposition to requested summary judgment.

*Conley v. Board of Trustees of Grenada County Hospital*, 707 F.2d 175, 179 n. 2 (5th Cir.1983); *Kistner v. Califano*, 579 F.2d 1004, 1006 (6th Cir.1978).

3. Although the district court did not rule on the Bank's claim that John Deere's suit was barred by *res judicata*, the issue has been fully briefed by the parties, and we note that a basic principle of both Texas and federal *res judicata* law is that a *res judicata* claim may not succeed when the party against whom it is raised was not a party to the prior proceeding, or in privity with such a party. *Bonniwell v. Beech Aircraft Corp.*, 663 S.W.2d 816, 819 (Tex.1984); *Benson v. Wanda Petroleum Co.*, 468 S.W.2d 361, 363 (Tex. 1971). *In re Corrugated Container Antitrust Litigation*, 756 F.2d 411, 419 (5th Cir.1985); *Drier v. Tarpon Oil Co.*, 522 F.2d 199, 200 (5th Cir.1975). Since John Deere supposedly was neither a party nor in privity with a party to the state court proceeding which purportedly dealt with its claim, it would appear on the record before us that the Bank may not invoke *res judicata* against it. It is most likely that the district court, in failing to grant summary judgment on those grounds, recognized this apparent fault in the Bank's argument.