16 F.3d 1225
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Mildred J. PERRY, Plaintiff/Appellant,
v.
STATE OF INDIANA, Evansville State Hospital, and Bruce
Miller, Defendants/Appellees.
 No. 92-2401.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 14, 1993.*
Decided Jan. 19, 1994.
 
 Before CUMMINGS, BAUER and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 This case, an employment discrimination action brought under Section 703(a)(1) of Title VII of the Civil Rights Act of 1964, is before the court on appeal from a summary judgment in favor of the State of Indiana, Evansville State Hospital, and Bruce Miller. Because the plaintiff, Mildred Perry, has failed to prove a prima facie case of discrimination, we affirm the judgment below.
 
 BACKGROUND
 
 2
 From 1966 to December 1987, and from June 1989 to August 1990, Mildred Perry, a black woman, was employed by Evansville State Hospital (the Hospital) as a psychiatric attendant. Perry was dismissed in December 1987 after two employees of the Hospital reported to the superintendent of the Hospital that she had physically abused two patients. Perry's appeal of her dismissal to the Indiana State Personnel Department was unsuccessful. She then appealed to the Indiana State Employees' Appeal Commission, which reinstated her and imposed instead a thirty-day suspension without pay. The Hospital sought judicial review of the Appeal Commission's decision, which was affirmed by the state trial court. The Hospital appealed to the Indiana Court of Appeals, which reversed the trial court and remanded the case to the Appeal Commission for further proceedings. On remand, the Appeal Commission upheld Perry's dismissal. The Equal Employment Opportunity Commission, to which Perry forwarded a complaint of discrimination, made a determination that no violation of Title VII had occurred. Perry thereafter brought the present action in district court.
 
 
 3
 Perry alleged that in terminating her employment the State of Indiana, the Hospital, John Hedges (the Hospital's superintendent), and Bruce Miller (the Hospital's director of personnel), discriminated against her on account of her race in violation of 42 U.S.C. Sec. 1983, and Title VII of the Civil Rights Act of 1964 (specifically, 42 U.S.C. Sec. 2000e-2(a)(1)), and on account of her age in violation of 42 U.S.C. Sec. 623(a). The court dismissed all claims against Hedges because Perry failed to serve him with process within 120 days after she had filed the complaint and was unable to show good cause for her failure to do so. See Fed.R.Civ.P. 4(j). The court awarded all defendants summary judgment on the claim of age discrimination, because Perry had not filed that claim with the Equal Employment Opportunity Commission before she commenced her action in federal court. See 29 U.S.C. Sec. 626(d). The court awarded the State and the Hospital summary judgment on the Sec. 1983 claim because neither of those entities is a "person" within the meaning of Sec. 1983, and in favor of Miller because, according to Miller's uncontroverted affidavit, he did not cause or participate in the alleged deprivation of Perry's civil rights. Finally, the district court awarded the State of Indiana, the Hospital, and Miller summary judgment on the claim brought under Title VII. It is the award of summary judgment on the Title VII claim that Perry appeals.
 
 
 4
 Section 703(a)(1) of Title VII of the Civil Rights Act of 1964 makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race." 42 U.S.C. Sec. 2000e-2(a)(1) (1988). Perry alleges her dismissal constituted discriminatory treatment in contravention of this statute. In a discriminatory-treatment case, the plaintiff has the initial burden of proving a prima facie case of discrimination by a preponderance of the evidence. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). To meet this burden, the plaintiff must prove by a preponderance of the evidence that: (1) she was a member of a protected class; (2) she was satisfactorily performing her job but nevertheless was dismissed; and (3) she was treated differently in being dismissed than similarly situated employees who were not members of the protected class. Hong v. Children's Memorial Hosp., 993 F.2d 1257, 1262 (7th Cir.1993); Williams v. Williams Electronics, Inc., 856 F.2d 920, 923 (7th Cir.1988); Yarbrough v. Tower Oldsmobile, Inc., 789 F.2d 508, 511 (7th Cir.1986).
 
 
 5
 In a memorandum supporting their motion for summary judgment the defendants argued that they were entitled to summary judgment on the Title VII claim because Perry could prove neither that she was satisfactorily performing her job, nor that in being dismissed she was treated differently than similarly situated white employees. Perry responded with a memorandum in which she argued that summary judgment on the Title VII claim would be inappropriate because the defendants failed to support their motion with depositions, answers to interrogatories, admissions on file, or sworn affidavits based on personal knowledge as required by Federal Rule of Civil Procedure 56(c) and (e). In their memorandum in reply, the defendants' sole response to this was: "Defendants concede Plaintiff has raised a sufficient issue of fact to avoid summary judgment under Title VII." The district court nevertheless resolved the Title VII claim. The court assumed that Perry could prove a prima facie case of discrimination and shifted the burden to the defendants to produce legitimate, nondiscriminatory reasons for dismissing Perry. See Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 254-55 (1981). After finding that they had met their burden, the court concluded that the defendants were entitled to summary judgment on the Title VII claim.
 
 ANALYSIS
 
 6
 Perry contends that the district court should not have awarded the defendants summary judgment for three reasons: (1) the defendants' concession that Perry had raised a sufficient issue of fact to survive their motion for summary judgment on the Title VII claim precluded the district court (and precludes this court) from reaching the merits of the defendants' motion for summary judgment on the Title VII claim; (2) the defendants failed to support their motion for summary judgment with any of the evidentiary materials enumerated in Federal Rule of Civil Procedure 56(e); and (3) the district court impermissibly based its finding that the defendants were entitled to summary judgment on a determination that the witnesses to Perry's alleged abuse of patients were more credible than Perry. This court assesses the propriety of summary judgment de novo. Williams v. Anderson, 959 F.2d 1411, 1413 (7th Cir.1992).
 
 A.
 
 7
 Perry contends that the defendants' concession that they were not entitled to summary judgment on the Title VII claim removed the issue whether the defendants were entitled to summary judgment on the Title VII claim from the district court's consideration. Perry bases this contention on United States v. One Heckler-Koch Rifle, 629 F.2d 1250 (7th Cir.1980), and St. Louis Baptist Temple, Inc. v. FDIC, 605 F.2d 1169 (10th Cir.1979). In One Heckler-Koch Rifle this court held that in hearing a motion for summary judgment a court may consider admissions by counsel appearing in a brief or memorandum as if they appeared in the pleadings. 605 F.2d at 1253. In St. Louis Baptist Temple, the Tenth Circuit held that the doctrine of judicial notice allows a court hearing a motion for summary judgment to consider records of prior proceedings if those proceedings have a direct relation to the matters presently before the court. 605 F.2d at 1171-72. Neither case, however, supports Perry's position. St. Louis Baptist Temple was an action challenging the validity of a sheriff's sale in satisfaction of a judgment debt. The case had nothing at all to do with a court's consideration of concessions by counsel. The appellate court upheld the district court's consideration of records and documents filed in a previous action before the district court involving the same parties and the same property. Id. at 1172-73. True, the appellate court listed concessions of counsel as a type of information that may be considered by a district court in hearing a motion for summary judgment. Id. at 1172 (citing James W. Moore, et al., Moore's Federal Practice p 56.11[1.-8] (2d ed. 1990)). But because the case did not involve a concession of counsel, the court's statement is not persuasive authority that the concession in this case is relevant to whether the Hospital is entitled to summary judgment, it is merely dictum.
 
 
 8
 One Heckler-Koch Rifle, a forfeiture action concerning a rifle and various firearm accessories, is more relevant to this case than St. Louis Baptist Temple, because it involves a concession of counsel. The respondent's counsel represented in his brief opposing the government's motion for summary judgment that the respondent (the owner of the rifle) did not know the name of the baggage clerk to whom he had delivered the rifle. This court allowed consideration of counsel's representation in resolving the motion for summary judgment upon concluding that the representation was functionally equivalent to an "admission on file" as enumerated in Federal Rule of Civil Procedure 56(c). 629 F.2d at 1253. An admission on file within the meaning Rule 56(c) is a factual matter which otherwise would require evidentiary proof. Moore's Federal Practice, supra, p 56.11, at 145. This definition does not include a legal conclusion proffered by counsel. Glick v. White Motor Co., 458 F.2d 1287, 1291 (3d Cir.1972); see also Moore's Federal Practice, supra, p 56.11[1.-8], at 108 ("Arguments of counsel as to points of law should not ... be considered as 'admissions of law.' "). The concessions referred to by the Tenth Circuit in St. Louis Baptist Temple and considered by this court One Heckler-Koch Rifle court are factual, not legal, conclusions. The concession that Perry claims the district court erroneously ignored--that Perry's filings are sufficient to survive a motion for summary judgment--is a legal conclusion. Therefore, the concession in this case cannot be considered functionally equivalent to the "admission on file" enumerated in Federal Rule of Civil Procedure 56(c), and the court did not err by ignoring it.
 
 
 9
 As Perry notes, if a court is contemplating granting a motion for summary judgment on a ground not presented by the movant, the court must give the nonmovant prior notice and a chance to respond because the nonmovant cannot be expected to respond to grounds for summary judgment not presented by the movant. See Malhotra v. Cotter & Co., 885 F.2d 1305, 1310 (7th Cir.1989); John Deer Co. v. American Nat'l Bank, 809 F.2d 1190, 1191-92 (5th Cir.1987). Perry argues that in awarding summary judgment to the defendants on the Title VII claim after they conceded that they were not entitled to it, the district court impermissibly awarded summary judgment sua sponte on a ground not requested by either party. This argument lacks merit. As discussed above, the defendants' concession that Perry's Title VII claim could survive their motion for summary judgment was nothing more than a unilateral legal conclusion that did not bind either the parties or the court. The defendants raised and fully briefed their arguments in support of summary judgment on the Title VII claim. Perry responded to these arguments. The issue whether the defendants were entitled to summary judgment on the Title VII claim was thoroughly addressed by both sides.
 
 
 10
 The courts in the cases Perry cites in support of her position granted summary judgment on claims that were never raised by the movants. In John Deer, the defendant bank moved for summary judgment on the ground of res judicata. The court awarded the bank summary judgment on the ground that John Deere had not presented any evidence that it had suffered damages arising from the bank's actions. 809 F.2d at 1191. In Malhotra, the plaintiff claimed that he had been denied promotions over the years of his employment because of his ancestry. The defendant company moved for summary judgment on the ground that the applicable statute of limitations barred his complaint with respect to some of the promotions. The court awarded the defendant summary judgment with respect to all the promotions on the ground that the plaintiff had not produced sufficient evidence to support a finding that the denials of promotions were due to his ancestry. 885 F.2d at 1310.
 
 
 11
 The courts in these cases properly reversed the grants of summary judgment for a simple reason: "When a party moves for summary judgment on ground A, his opponent is not required to respond to ground B--a ground the movant might have presented but did not." Id. This case is different. The defendants moved for summary judgment on grounds A (Perry could not show that she was satisfactorily performing her job) and B (she could not show that, in being dismissed, she was treated differently than similarly situated white employees). Perry responded, or had the opportunity to respond, to both grounds A and B. The defendants' concession of the point in response to Perry's response had the same effect as if the defendants' had not responded at all. Perry cannot complain that she was deprived of the opportunity to respond again to the defendants' arguments; she should have used her best arguments and evidence in her first (and, as it turned out, only) response.[1]
 
 B.
 
 12
 Perry submits that the district court should not have awarded the defendants summary judgment on the Title VII claim because the defendants failed to support their motion with the documents enumerated in Federal Rule of Civil Procedure 56(c). Rule 56(c) provides that summary judgment shall be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The defendants attached twenty-four exhibits to their motion for summary judgment. Among these are unsworn statements of employees and unverified reports from Perry's employment file.[2] In awarding the defendants summary judgment, the district court relied on these unsworn statements and unverified reports. Perry argues that summary judgment must be reversed because a court cannot grant a motion for summary judgment that is based upon unsworn statements and unverified reports.
 
 
 13
 This is a powerful argument. Rule 56(c) does not authorize the use of unsworn statements or unverified reports in support of a motion for summary judgment. Evidentiary materials other than those enumerated in 56(c) may be submitted in support of a motion for summary judgment only if they are identified by affidavit or otherwise made admissible in evidence. Randle v. LaSalle Telecommunications, Inc., 876 F.2d 570 n. 4 (7th Cir.1989); Martz v. Union Labor Life Ins. Co., 757 F.2d 135, 138 (7th Cir.1985); Moore's Federal Practice, supra, p 56.22, at 759-60. Neither the reports nor the statements attached to the defendants' motion are identified by affidavit. The only affidavit attached to the motion is Bruce Miller's, and the affidavit says nothing about either the statements or the reports. The reports and statements are not otherwise admissible in evidence; they are hearsay, see Fed.R.Evid. 801(c), and the defendants' made no effort to demonstrate that the documents were admissible under the business records exception, see Fed.R.Evid. 803(6), or any other exception to the hearsay rule.
 
 
 14
 Nevertheless, the court's reliance on these unsworn and unverified reports does not compel us to reverse the grant of summary judgment because the defendants presented enough documentation to support summary judgment in their favor on the Title VII claim. Defendants' Exhibit J is a certified transcript of the hearing of the State Employees' Appeal Commission at which Ronnie Walker and Frances Smith gave sworn testimony that they saw Perry abusing patients on December 6, 1987. A certified transcript of sworn testimony is considered an affidavit of the witnesses and may be submitted in support of a motion for summary judgment so long as it meets the requirements of Rule 56(e). Advance Financial Corp. v. Isla Rica Sales, Inc., 747 F.2d 21, 27 (1st Cir.1984); Stevens v. Roscoe Turner Aeronautical Corp., 324 F.2d 157, 161-62 (7th Cir.1963); Moore's Federal Practice, supra, p 56.22, at 758. This transcript meets Rule 56(e)'s requirements: Walker and Smith were competent to testify about what they had observed, and their testimony was based entirely on facts within their personal knowledge. Bruce Miller's affidavit meets the requirements of Rule 56(e) as well.
 
 
 15
 Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). All inferences that may reasonably be drawn from the record are viewed in a light most favorable to the nonmoving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted).
 
 
 16
 Application of this standard to the defendants' motion (which includes the certified transcript and Miller's affidavit) and Perry's filings (which includes her pleadings and affidavit) dictates the conclusion that the defendants are entitled to summary judgment. As noted above, to meet her burden of proving a prima facie case of discrimination, Perry must show that she was dismissed although she was satisfactorily performing her job. Hospital Regulation V 9.01 provides, in pertinent part:
 
 
 17
 Any act on the part of any employee which might be construed as mistreatment, either verbal or physical, of patients receiving hospital care will constitute grounds for the immediate dismissal of the offending employee.... [A] patient has been ill-treated or mistreated, if reasonable convincing evidence points to his having been attacked, struck, or kicked by any employee or any person other than a patient. Verbal abuse of a patient, includes, ridiculing, scolding, or using foul or abusive language of any nature in the presence of a patient. Physical abuse includes pushing, shoving, striking, or kicking. Further, abuse would be indicated if the patient has been handled with rough or physical force beyond that necessary to protect the patient from injuring himself or others.
 
 
 18
 Walker testified that he saw Perry jerk a tray out of a patient's hands and yell at the patient during breakfast on December 6, 1987. He also testified that, during lunch that same day, he saw Perry place her hands around the back of a patient's neck and shake her violently, and then shake a finger in the patient's face while yelling at her. Smith testified that during breakfast on December 6, 1987, she saw Perry run across the dining room toward a patient, grab the patient by the hair, and jerk her head three or four times. This testimony establishes that Perry's performance of her job was far from satisfactory, and that, under the Hospital's policy against patient abuse, the Hospital had grounds to dismiss her.
 
 
 19
 Once the defendants proffered evidence establishing that Perry was dismissed because she was not satisfactorily performing her job, Perry had the burden of affirmatively demonstrating by specific factual allegations that there was a genuine issue of material fact justifying a trial. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). Perry responded to the defendants' motion for summary judgment with a sworn affidavit in which she denied abusing the two patients on December 6, 1987, and related her version of what had occurred in both instances. "[T]here is no genuine issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50. Given the overwhelming evidence that Perry abused the patients--the testimony of Walker and Smith, the review of the incident by the Hospital's superintendent, and the conclusions of the State Employees' Appeals Commission--Perry's self-interested assertion that the acts for which she was terminated did not occur is insufficient to create a triable issue of whether she was satisfactorily performing her job when she was dismissed. Perry does nothing more than allege that Walker, Smith, the superintendent, and the State Employees' Appeals Commission were wrong. She does not give any reason why Smith and Walker might testify falsely against her. She does not submit an affidavit of a disinterested co-worker who would deny that Perry abused the patients, or an affidavit in which a supervisor would represent that her work was satisfactory. Because Perry fails to present a shred of evidence that would suggest her work was satisfactory at the time she was dismissed, she has failed to satisfy her burden of proving a prima facie case of discrimination.[3]
 
 
 20
 Perry must also show, as part of her prima facie case, that in being discharged she was treated differently than similarly situated white employees. Bruce Miller stated in his affidavit that he has held the position of personnel director at the Hospital since 1986, and that he was "not aware of any employee with a similar disciplinary record who was determined to have committed physical patient abuse and who was not also discharged." This statement establishes that Perry was not treated any different than similarly situated white employees. Perry states in her affidavit:
 
 
 21
 7. To the best of Affiant's knowledge, no white employee of the [Hospital] has ever had a favorable decision in the State Employees' Appeal commission challenged to the extent it was in her case. Also, Affiant is unaware of any white employee of similar age or level of seniority that has been disciplined by the [Hospital] as she has been. Affiant was forty-seven years of age and had approximately twenty-two years seniority at the time of her dismissal.
 
 
 22
 * * *
 
 
 23
 * * *
 
 
 24
 10. Since her dismissal from the [Hospital], Affiant has received information that there was a white male attendant at the [Hospital] who had admitted to striking a patient within the last two years. This attendant was apparently reassigned to other duties, but was not dismissed from his employment.
 
 
 25
 Perry's affidavit is insufficient to create a triable issue of whether she was treated differently than similarly situated white employees. She has no personal knowledge of the incident involving the white male attendant. She does not identify the attendant or specify the details of the alleged incident, and she fails to produce evidence that the attendant's disciplinary record was similar to hers. Likewise, Perry fails to produce evidence that the white employees who she claims were disciplined differently than she was committed acts similar to those she allegedly committed.
 
 C.
 
 26
 It is unnecessary for us to reach Perry's final contention, that the district court improperly based its finding that the defendants articulated a legitimate, nondiscriminatory reason for dismissing Perry on a determination that Walker and Smith were more credible than Perry. Perry correctly states that summary judgment cannot be based on a determination that the movant's witnesses are more credible than the nonmovant's witnesses. Wilson v. Williams, 997 F.2d 348, 350 (7th Cir.1993). Even we were to conclude that the district court based its award of summary judgment on a credibility determination, Perry would not be entitled to relief. As discussed above, it is unnecessary to rely upon the relative credibility of the defendants' witnesses and Perry to conclude that Perry failed to prove a prima facie case of discrimination.
 
 
 27
 In any event, Perry's contention lacks merit. The source of Perry's contention is the court's statement that her "alleged physical abuse of patients was corroborated by more than one unbiased witness." This is not, as Perry contends, an impermissible credibility determination, but a permissible observation that Perry's self-interested statements in her affidavit are insufficient to create an issue that the defendants' nondiscriminatory reason for dismissing her is pretextual.
 
 CONCLUSION
 
 28
 For the foregoing reasons, the judgment of the district court is AFFIRMED.
 
 
 
 *
 On December 3, 1993, Perry filed a motion styled, "Request For Waiver of Oral Argument." In her motion, Perry verified that she had consulted with the appellees, and they had no objection to oral argument being waived. We granted Perry's motion on December 7, 1993, and, accordingly, the appeal is submitted on the briefs and the record
 
 
 [1]
 Because our resolution of the concession issue has required significant judicial resources, we feel compelled to note that the issue would not have arisen if, in the proceedings below, counsel for the Hospital had limited herself to the role of advocate rather than purporting to assume the role of adjudicator of the concession issue as well
 
 
 [2]
 Defendants' Exhibit H is an unsworn statement of Ronnie Walker, one of the witnesses to Perry's alleged abuse of a patient on December 6, 1987. Defendants' Exhibit I is the report Walker completed for the Hospital's superintendent. Defendants' Exhibit K is an unsworn statement of Frances Smith, another witness to the alleged patient abuse. Defendants' Exhibits L-T are unverified reports of disciplinary action taken by the Hospital against Perry from 1980 through 1986. Finally, Defendants' Exhibits X and Y are unsworn statements of two more witnesses to the December 6, 1987 incident
 
 
 [3]
 The defendants contend that Perry waived her argument that the district court should not have considered unsworn statements of witnesses and unverified reports from her employment file by neglecting to move to strike the documents. An evidentiary objection not raised in the district court is waived on appeal, Fed.R.Evid. 103(a)(1), and this rule holds as true for summary judgment proceedings as it does for a trial. See Zayre Corp. v. S.M. & R. Co., 882 F.2d 1145, 1150 (7th Cir.1989). Perry concedes that she did not move to strike the documents, but argues that she sufficiently raised her objection to the reports and statements below by arguing in her memorandum in opposition to the motion for summary judgment that "none of [the defendants'] ... factual allegations appear[s] from the Memorandum to be supported by depositions, answers to interrogatories admissions on file or sworn affidavits based on personal knowledge." Perry's is the better position. A motion to strike evidence serves the dual purposes of alerting the court to the allegedly inadmissible evidence and enabling opposing counsel to take corrective measures. Fed.R.Evid. 103 advisory committee's note. Both purposes were accomplished here. Perry's memorandum drew the court's attention to the documents the defendants attached to their motion, and raised the argument that the documents did not satisfy Federal Rule of Civil Procedure 56(e)'s requirement that documents provided in support of a motion for summary judgment must be admissible in evidence. The defendants received the memorandum in time to correct their motion so that the documents supporting it would be admissible in evidence