**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**February 9, 2007**

**Charles R. Fulbruge III**
**Clerk**

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-40317
Summary Calendar

_____

JOHN AGUIRRE,

Plaintiff-Appellant,

versus

NUECES COUNTY, TEXAS, ET AL.,

Defendants-Appellees.

On Appeal from the United States District Court
for the Southern District of Texas
No. 2:04-CV-275

Before JONES, Chief Judge, and JOLLY and OWEN, Circuit Judges.

PER CURIAM:[*]

Inmate John Aguirre appeals the district court's grant of summary judgment to Nueces County on his 42 U.S.C. § 1983 claim stemming from an alleged beating by unknown prison guards. The district court found that Aguirre failed to present any evidence of an inadequate training or hiring policy by Nueces County that could form the basis of municipal liability. As we agree with the conclusions of the district court, we AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

This court reviews a district court's grant of summary judgment <u>de novo</u>, applying the same standards as the trial court. <u>MacLachlan v. ExxonMobil Corp.</u>, 350 F.3d 472, 478 (5th Cir. 2003). A court should grant summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). "If the nonmovant fails to make a showing on an element for which he bears the burden of proof, the movant is entitled to judgment as a matter of law." <u>Whelan v. Winchester Prod. Co.</u>, 319 F.3d 225, 228 (5th Cir. 2003). "[M]ere conclusory allegations are not competent summary judgment evidence, and such allegations are insufficient, therefore, to defeat a motion for summary judgment." <u>Eason v. Thaler</u>, 73 F.3d 1322, 1325 (5th Cir. 1996).

For Nueces County to be liable for the acts of the unknown prison guards, Aguirre must show: "(1) the training or hiring procedures of the municipality's policymaker were inadequate, (2) the municipality's policymaker was deliberately indifferent in adopting the hiring or training policy, and (3) the inadequate hiring or training policy directly caused the plaintiff's injury." <u>Baker v. Putnal</u>, 75 F.3d 190, 200 (5th Cir. 1996). Although the county's motion for summary judgment relied primarily on assertions that no beating occurred by any state

2

actor, it remained Aguirre's burden to present some evidence to establish a genuine issue of material fact as to whether Nueces County had an inadequate training or hiring policy that led to his alleged injuries. See Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986) (summary judgment must be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial").

Citing Snoddy v. City of Nocagdoches, 98 F.App'x 338, 343 (5th Cir. 2004), Aguirre contends that he was not provided with adequate notice and an opportunity to respond to the grounds on which the district court granted summary judgment. Unlike the cases cited in Snoddy and relied on by Aguirre, however, Nueces County moved for summary judgment on the grounds on which it was ultimately granted: a lack of evidence to support the allegations in the complaint. Aguirre had the opportunity to file a responsive brief and present evidence to carry his burden before the court ruled against him. While it would have been advisable for the county to have asserted all of the defective grounds of Aguirre's pleadings in its motion for summary judgment, this does not change Aguirre's burden to produce some credible evidence to support his claims. As he failed to do this, the district court properly granted summary judgment to the county.

Aguirre also argues that the district court improperly denied him additional discovery before granting summary judgment. This court reviews discovery orders for abuse of discretion. <u>Leatherman v. Tarrant County Narcotics & Coordination Unit</u>, 28 F.3d 1388, 1395 (5th Cir. 1994). To obtain a continuance of a motion for summary judgment in order to conduct further discovery, a party must indicate why he needs additional discovery and how that discovery will create a genuine issue of material fact. <u>Id.</u> The party "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified facts." <u>Id.</u> (quoting <u>Krim v. BancTexas Group, Inc.</u>, 989 F.2d 1435, 1442 (5th Cir.1993)).

In this case, Aguirre had sufficient opportunity for discovery; he had the opportunity to view videotapes and interview inmates and was provided with numerous witness statements generated by Nueces County. He has not articulated how further discovery would help him establish a genuine issue of material fact as to any inadequate training or hiring practices; therefore the district court did not abuse its discretion by denying Aguirre further discovery.

Aguirre cannot point to any evidence of an inadequate training or hiring policy by Nueces County sufficient to establish a genuine issue of material fact on his § 1983 claims. The district court's judgment is AFFIRMED.

4