# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-30955
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 16, 2018

Lyle W. Cayce
Clerk

LATORY JONES, Individually and on behalf of decedent, Dalton Baham, III, and her minor child, S.J.B; DALTON BAHAM, IV on behalf of B.B.P., and BRANDI PAYTON on behalf of B.B.P.,

      Plaintiffs – Appellants

v.

FAMILY DOLLAR STORES OF LOUISIANA, INCORPORATED; GATEKEEPER SYSTEMS, INCORPORATED.

      Defendants – Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:16-CV-15261

Before JONES, SMITH, and COSTA, Circuit Judges.

PER CURIAM:*

    Dalton Baham, III, was killed in New Orleans when he struck an abandoned shopping cart and was thrown from his motorcycle. Baham's widow, Latory Jones, individually and on behalf her minor child, and Dalton Baham IV and Brandi Payton on behalf of B.B.P., collectively "the Plaintiffs,"

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## No. 17-30955

alleged the cart belonged to Family Dollar Stores of Louisiana, Inc. and sued on theories of strict liability and negligence. The Plaintiffs also sued Gatekeeper Systems, Inc. on a claim of products liability for the cart wheel it manufactured. The district court granted summary judgment to the defendants, and for the reasons set forth below, this court AFFIRMS.

### BACKGROUND

In the early hours of July 19, 2015, Dalton Baham, III, was riding his motorcycle on Carrollton Avenue in New Orleans, Louisiana. At the I-10 underpass, he struck a red shopping cart abandoned in the middle of the road, lost control of his bike, and was thrown. He was pronounced dead at the scene.

Family Dollar is a budget-friendly retail chain that has a store a few blocks from the scene of the accident. Family Dollar has red carts very similar to the one Baham struck. The abandoned cart had a specialized wheel manufactured by Gatekeeper Systems.[1] Gatekeeper produces and sells a "cart containment system" that helps reduce the number of shopping carts taken from stores' premises, and the resulting financial loss sustained by retailers who must regularly replenish their carts due to theft. The Gatekeeper system replaces one wheel of a shopping cart with a wheel equipped with a sensor that will lock when the cart reaches an outer perimeter. The system is not fail proof, and Gatekeeper warns retailers that carts can still be physically removed from their premises.

The Plaintiffs filed suit in the Civil District Court for the Parish of Orleans against Family Dollar and Gatekeeper. The case was removed to the

---

[1] The origin and ownership of the shopping cart that caused the accident are hotly disputed. Based upon its color, and a nearby Family Dollar store, Plaintiffs argued it belonged to Family Dollar. Family Dollar responded that the cart, which had no explicit markings linking it to Family Dollar, could belong to any number of local retailers. There is no dispute that one of the cart's wheels was manufactured by Gatekeeper.

No. 17-30955

Eastern District of Louisiana. The Plaintiffs claimed Family Dollar was liable under two theories of strict liability, La. Civ. Code art. 2317 and 2317.1, and art. 2322, and one of negligence, La. Civ. Code art. 2315. Additionally, they sued Gatekeeper on a theory of products liability, La. Rev. Stat. 9:2800.52. Family Dollar moved for summary judgment, arguing primarily that the Plaintiffs would not be able to prove the cart belonged to Family Dollar, but the motion also claimed that the Plaintiffs would not be able to meet their burden of proof on either the strict liability or the negligence claims. Similarly, Gatekeeper moved for summary judgment arguing that the accident fell considerably outside the scope of its duty to manufacture wheels that are not unreasonably dangerous.

On September 6, 2017, the district court held a hearing on the motions for summary judgment. On October 17, 2017, the Plaintiffs requested leave to file a supplemental opposition to Family Dollar's motion for summary judgment, which was granted by the district court despite Family Dollar's objections.

On November 9, 2017, the district court granted both Family Dollar's and Gatekeeper's motions for summary judgment, and the Plaintiffs appealed.

## STANDARD OF REVIEW

This court reviews a district court's grant of summary judgment de novo. *See Mendoza v. Murphy*, 532 F.3d 342, 347 (5th Cir. 2008). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir.2007) (quoting former Fed.R.Civ.P. 56(c)).

No. 17-30955

## ANALYSIS

### I.     *Sua Sponte Summary Judgment*

The text of Rule 56 explicitly permits courts to raise grounds for dismissal *sua sponte*, on the condition the court gives a non-moving party notice and reasonable time to respond. Fed. R. Civ. P. 56(f)(2). The Supreme Court has reiterated that "so long as the losing party [is] on notice that she [has] to come forward with all of her evidence" the court may dismiss on any appropriate grounds. *Celotex Corp. v. Catrett*, 477 U.S. 317, 326, 106 S. Ct. 2548, 2554 (1986). Summary judgment on grounds not raised by the moving party is only improper if "[t]here [is] no reason for the [nonmoving party] to suspect that the court [is] about to rule on the motion.'" *Resolution Trust Corp. v. Sharif–Munir–Davidson Dev. Corp.*, 992 F.2d 1398, 1402 (5th Cir. 1993) (quoting *Kibort v. Hampton*, 538 F.2d 90, 91 (5th Cir. 1976)). The Plaintiffs argue the district court deprived them of notice and the opportunity to defend when it granted summary judgment on grounds not raised by Family Dollar, and that this *sua sponte* action transformed the motion into a de facto 12(b)(6) dismissal for which they were not given the opportunity to amend. A review of the record and supporting briefs makes clear this was not the case.

The claim that these grounds were raised *sua sponte* is tenuous. Family Dollar's brief supporting its motion for summary judgment listed each element of all the claims, and indicated that the Plaintiffs could not establish all of them. Several interrogatories quoted in the brief were questions directed toward elements of strict liability other than ownership (e.g. "Describe in detail how the shopping cart at issue in this case posed an unreasonable risk of harm."), and the brief addressed the scope of the duty for negligence. Additionally, Family Dollar specifically argued in a pre-judgment hearing that the Plaintiffs could not produce evidence to support these elements of their claims.

No. 17-30955

Assuming *arguendo*, however, that the court did grant summary judgment on grounds it raised *sua sponte*, the Plaintiffs' argument on appeal still fails.

First, the Plaintiffs' brief invokes old Fifth Circuit case law from a time when this court demanded a more procedurally exacting standard for summary judgment. *John Deere Co. v. Am. Nat. Bank, Stafford*, 809 F.2d 1190, 1192 (5th Cir. 1987) ("This court has strictly applied the procedural safeguards of Fed.R.Civ.P. 56 and has therefore held that a district court may not grant summary judgment *sua sponte* on grounds not requested by the moving party."). After the Supreme Court refocused the scope of summary judgment in *Celotex*, the Fifth Circuit abandoned the rule it had once applied: "It thus appears that our earlier cases can no longer be relied upon, and district courts can definitely grant summary judgment *sua sponte*, upon proper notice to the adverse party." *Arkwright-Boston Mfrs. Mut. Ins. Co. v. Aries Marine Corp.*, 932 F.2d 442, 445 (5th Cir. 1991). Even ignoring the outdated statement of law, none of the facts in the cases cited by the Plaintiffs are analogous to this case, and they do not support their position. *John Deere Co. v. American Nat. Bank, Stafford*, 809 F.2d 1190 (5th Cir. 1987) (finding improper dismissal because the moving party's brief made a fleeting and indirect reference to the tangential issue on which the court ultimately relied, leaving those plaintiffs blindsided by the judgment); *Guinn Bros., LLC v. Jones Bros., Inc. of Tennessee*, 287 Fed.Appx 298 (5th Cir. 2007) (finding dismissal improper because the court gave no notice of the grounds on which it granted summary judgment and the moving party's brief made no mention of them); *Baker v. Metropolitan Life Ins. Co.*, 364 F.3d 624 (5th Cir. 2004) (finding dismissal improper because the court specifically directed the briefing it required before granting summary judgment on entirely other grounds).

No. 17-30955

If, in the ordinary course of litigation, caution and common sense were not enough to spur the Plaintiffs' counsel to present the requisite evidence for each element of their claims, oral argument before the district court should have alerted counsel to the impending ruling. The record shows that during the September 6, 2017, hearing, Family Dollar highlighted the complete absence of evidence on the very elements on which the district court ultimately ruled. Family Dollar pointed out there was no evidence of a defective condition, as required for Art. 2317, or a "ruin," as required under Art. 2322, or of a duty, as required by Art. 2315. After the district court noted that the accident was clearly not caused by a defect in the cart, a comment that went unchallenged, it engaged in extended dialogue with the Plaintiffs' counsel, questioning the scope of Family Dollar's duty. The concerns of the district court were clear, the pertinent issues were obvious, and the Plaintiffs were "on notice that [they] had to come forward with all of [their] evidence." *Celotex*, 477 U.S. at 326.

With notice came the opportunity to defend. After the September 6th hearing, the Plaintiffs requested, and were granted, leave to file supplemental briefing opposing the motion for summary judgment. Their arguments in that supplemental filing were still insufficient to ward off summary judgment.

In sum, the Plaintiffs had ample warning, both from Family Dollar and the district court, that they needed to present admissible evidence to support their claims. The Plaintiffs also had sufficient opportunity to defend against a summary judgment. This dismissal was not a de facto 12(b)(6) ruling.

No. 17-30955

*II. The District Court Did Not Err in Granting Summary Judgment on the Claim of Strict Liability Under Louisiana Civil Code Articles 2317, 2317.1, and Article 2322.*

Strict liability under Louisiana Civil Code article 2317, 2317.1 requires the plaintiff prove that (1) the defendant had care, custody, or control of the thing causing harm; (2) a vice or defect in the thing created an unreasonable risk of harm; and (3) the vice or defect in the thing was a cause-in-fact of plaintiff's injuries. *Jones v. Peyton Place, Inc.*, 675 So.2d 754, 761 (La. Ct. App. 1996). The district court held that the Plaintiffs failed to present any evidence from which a reasonable jury could find a vice or defect. On appeal, the Plaintiffs have still not produced evidence to rebut this determination.

Similarly, strict liability under Louisiana Civil Code article 2322 requires that "(1) there must be a building; (2) the defendant must be its owner; and (3) there must be a 'ruin' caused by a vice in construction or a neglect to repair, which occasions the damage sought to be recovered." *Olsen v. Shell Oil Co.*, 365 So. 2d 1285, 1289 (La. 1978). The district court stated the cart was not an item contemplated by the statute, and ruled that whether or not it was, the Plaintiffs failed to show the required vice or ruin. On appeal, the Plaintiffs argue the impropriety of *sua sponte* summary judgment, rather than disputing the dearth of evidence for their claim.

Lacking any evidentiary support for these mandatory elements, the Plaintiffs' strict liability claim fails.

No. 17-30955

*III. The District Court Did Not Err Granting Summary Judgment on
the Claim of Negligence under Louisiana Civil Code 2315.*

For a claim of negligence under Louisiana's Civil Code 2315, the
Plaintiffs must show (1) the defendant had a duty to conform its conduct to a
specific standard; (2) it failed to conform to that standard; (3) this breach was
a cause in fact of the plaintiffs' injuries; (4) the breach was a legal cause of the
plaintiffs' injuries; and (5) actual damages. *Lemann v. Essen Lane Daiquiris,
Inc.*, 923 So. 2d 627, 633 (La. 2006) (quoting *Fowler v. Roberts,* 556 So.2d 1, 4
(La.1989)). On appeal, the Plaintiffs argue that Louisiana law imposes a duty
to secure shopping carts. They rely on *Dominici v. Wal-Mart Stores, Inc.*,
606 So.2d 555 (La. Ct. App. 1992) and *Diaz v. Delchamps, Inc.*, No. Civ. A 97-
0681 1998 WL 442885 (E.D. La. Jan. 30, 1998), an unpublished district court
opinion, to argue a duty exists as a matter of law. In the alternative, the
Plaintiffs argue Family Dollar assumed the duty by installing Gatekeeper on
its carts.

Whether a duty exists is a question of law determined by the court.
*Faucheaux v. Terrebonne Consol. Gov't.*, 615 So.2d 289, 292 (La. 1993). To
decide if the risk falls within the scope of the duty, the court must make a
policy decision "in light of the unique facts and circumstances presented."
*Lemann v. Essen Lane Daiquiris, Inc.*, 923 So.2d 627, 633 (La. 2006) (quoting
*Socorro v. City of New Orleans*, 579 So.2d 931, 938 (La. 1991). The Louisiana
Supreme Court has held that the question posed is "whether the enunciated
rule extends to or is intended to protect this plaintiff from this type of harm
arising in this manner." *Faucheaux*, 615 So.2d at 293. The district court held
that the risk a third party would steal a cart and abandon it in a "distant"
roadway was not one encompassed by a retailer's duty under the law.

Neither *Dominici* nor *Diaz* provides a basis to broaden the scope of the
duty for the Plaintiffs. In both cases, the shopping carts that caused the

8

accidents were loose in roads directly adjacent to the stores. That proximity was the underlying factor that imposed a duty on those retailers. *Dominici*, 606 So.2d at 559, *Diaz*, at *2. A duty is dependent on the "the unique facts and circumstances presented." *Lemann*, 923 So.2d at 633. The facts before the court in this case are quite different. Wear on the locked Gatekeeper wheel suggested the cart had been deliberately taken by someone who dragged it a considerable distance, and the accident did not take place in a road adjacent to Family Dollar. The district court held that Family Dollar's duty could not extend to the criminal acts of third parties who abandoned carts in distant roadways. We agree.

*IV. The District Court Did Not Err in Granting Summary Judgment on the Products Liability Claim.*

The Louisiana Products Liability Act ("LPLA") provides the "exclusive theories of liability for manufacturers for damages caused by their products." La. Rev. Stat. Statute 9:2800.52. To prevail, a claimant must show that (1) the defendant is a manufacturer of the product; (2) the claimant's damage was proximately caused by a characteristic of the product; (3) the characteristic made the product unreasonably dangerous in one of the four ways provided in the statute; and (4) the claimant's damage arose from a reasonably anticipated use of the product by the claimant or someone else. *Jefferson v. Lead Industries Ass'n, Inc.*, 106 F.3d 1245, 1251 (5th Cir. 1997). "Unreasonably dangerous" is restricted by statute to four specific definitions. A product may be unreasonably dangerous (1) in construction or composition; (2) in design; (3) because of inadequate warning; or (4) because of nonconformity to an express warranty. *Id.*

The Plaintiffs argue that the design of the wheel was unreasonably dangerous, because Gatekeeper failed to include reflective tape to make the wheels visible at night. The district court examined proximate causation and

applied the same duty-risk analysis expounded in *Faucheaux*.  615 So.2d at 293-94.  The court concluded that Gatekeeper owed no duty to incorporate into its wheel-design measures that would increase visibility at night in the event a cart was stolen and abandoned in a distant roadway.  This court agrees with the district court that Gatekeeper's duty does not extend to such a scenario.

For the foregoing reasons, this court **AFFIRMS** the judgment of the district court.